**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **CAMILLE DAVIS** | § | |
| *Plaintiff*, | § | |
| | § | |
| **VS.** | § | |
| | § | **C.A. No. 4:13-cv-001432** |
| | § | |
| **SILVER STATE FINANCIAL** | § | |
| **SERVICES, INC.;** | § | |
| **HSBC BANK USA, NATIONAL** | § | |
| **ASSOCIATION AS TRUSTEE FOR** | § | |
| **SECURITIZED TRUST DEUTSCHE** | § | |
| **ALT-A SECURITIES MORTGAGE** | § | |
| **LOAN TRUST, SERIES 2006-AR4;** | § | |
| **DB STRUCTURED PRODUCTS, INC.;** | § | |
| **DEUTSCHE ALT-A SECURITIES, INC.;** | § | |
| **WELLS FARGO BANK, N.A.;** | § | |
| **MORTGAGE ELECTRONIC** | § | |
| **REGISTRATION SYSTEM, AKA** | § | |
| **"MERS"; AND DOES 1 THROUGH 100** | § | |
| **INCLUSIVE,** | § | |
| *Defendants*. | § | |

---

# DEFENDANTS WELLS FARGO BANK N.A. AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT AND BRIEF IN SUPPORT

---

Respectfully submitted,

/s/ Derrick B. Carson by perm. NJD
DERRICK B. CARSON
State Bar No. 24001847
Southern District Number: 21785
600 Travis Street, Suite 2800
Houston, Texas 77002-3095
(713) 226-1200 – *telephone*
(713) 223-3717 – *facsimile*

**ATTORNEY-IN-CHARGE FOR DEFENDANT
WELLS FARGO BANK, N.A. AND
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.**

## TABLE OF CONTENTS

I.    SUMMARY ..................................................................................................................1

II.   PLAINTIFF'S ALLEGATIONS AND PROCEDURAL HISTORY ...............................................2

III.  ISSUES PRESENTED ....................................................................................................3

IV.   ARGUMENT AND AUTHORITIES ..................................................................................3

      A.    Standard ......................................................................................................3

      B.    Plaintiff's Claim for "Lack of Standing/Wrongful Foreclosure" Should Be
            Dismissed ....................................................................................................5

            1.    Plaintiff lacks standing to contest the assignment and securitization of the
                  Mortgage ............................................................................................5

                  a.    *Plaintiff lacks standing to contest the assignment of the Mortgage* 5
                  b.    *Plaintiff is without standing to assert a claim based on an alleged
                        failure to comply with the PSA* ............................................6

            2.    MERS had authority to assign the Mortgage ...........................................9

      C.    Plaintiff's Action to Quiet Title Must Be Dismissed ............................................12

      D.    Plaintiff's Declaratory Judgment Action Fails Because the Underlying
            Claims Fail ..................................................................................................13

V.    PRAYER ....................................................................................................................14

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*AcceleProperties, Inc. v. Litton Loan Servicing LP*,
  No. 4:11-CV-3141, 2012 WL 2958264 (S.D. Tex. July 19, 2012) ....................................6, 13

*Alcala v. Texas Webb County*,
  620 F. Supp. 2d 795 (S.D. Tex. 2009) ......................................................................5

*Aschroft v. Iqbal*,
  129 S. Ct. 1937 (2009)..............................................................................................4

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)..................................................................................................4

*Bittinger v. Wells Fargo Bank NA*,
  744 F. Supp. 2d 619 (S.D. Tex. 2010) ......................................................................7

*Bryant v. Bank of Am., N.A.*,
  No. 4:11-CV-448, 2012 WL 2681361 (E.D. Tex. June 6, 2012) ..............................5

*Burr v. JPMorgan Chase Bank, N.A.*,
  No. 4:11-CV-03519, 2012 WL 1059043 (S.D. Tex Mar. 28, 2012) .........................7

*Collin County, Tex. v. Homeowners Ass'n for Values Essential to Neighborhoods*,
  915 F.2d 167 (5th Cir. 1990) ...................................................................................13

*Collins v. Morgan Stanley Dean Witter*,
  224 F.3d 496 (5th Cir. 2000) ....................................................................................2

*Cruz v. CitiMortgage, Inc.*,
  No. 3:11–CV–2871–L, 2012 WL 1836095 (N.D.Tex. May 21, 2012) (Lindsay, J.) ..............12

*DeFranceschi v. Wells Fargo Bank, N.A.*,
  837 F. Supp. 2d 616 (N.D. Tex. 2011) ........................................................5, 11, 13

*Edwards v. Ocwen Loan Servicing, LLC*,
  No. 9:10cv89, 2012 WL 844396 (E.D. Tex. Mar. 12, 2012).....................................7

*Fernandez-Montes v. Allied Pilots Ass'n*,
  987 F.2d 278 (5th Cir. 1993) ....................................................................................4

*Gordon v. Green*,
602 F.2d 743 (5th Cir. 1979) ...................................................................................4

*Hazzard v. Bank of Am. NA*,
No. C-12-127, 2012 WL 2339313 (S.D. Tex. June 19, 2012).....................................5

*In re Westinghouse Sec. Litig.*,
90 F.3d 696 (3d Cir. 1996)..........................................................................................4

*Jumonville v. Dep't of Treasury*,
50 F.3d 1033 (5th Cir. Mar. 16, 1995)........................................................................4

*Kazmi v. BAC Home Loans Servicing, Inc.*,
2012 WL 629440 (E.D. Tex. Feb. 3, 2012) (Mazzant, J.) .......................................13

*Lamb v. Wells Fargo Bank, N.A.*,
No. 3:12-CV00680-L, 2012 WL 1888152 (N.D. Tex. May 24, 2012)........................7

*Lonesome v. Lebedeff*,
141 F.R.D. 397 (E.D.N.Y. 1992) .................................................................................4

*Mangan v. Weinberger*,
848 F.2d 909 (8th Cir. 1988) .......................................................................................4

*MedImmune, Inc. v. Genentech, Inc.*,
549 U.S. 118 (2007)....................................................................................................13

*Richardson v. CitiMortgage, Inc.*,
No.6:10cv119, 2010 WL 4818556 (E.D. Tex. Nov. 22, 2010) ...................................9

*Rodriguez v. Bank of Am.*,
No. SA-12-CV-00905-DAE, 2013 WL 1773670 (W.D. Tex. Apr. 25, 2013) ..........11

*Sigaran v. US Bank Nat'l Ass'n*,
No. H-12-3588, 2013 WL 2368336 (S.D. Tex. May 29, 2013)..........................8, 11

*Schieroni v. Deutsche Bank Nat'l Trust Co.*,
No. H-10-663, 2011 WL 3652194 (S.D. Tex. Aug. 18, 2011) ...................................5

*Shields v. Norton*,
289 F.3d 832 (5th Cir. 2002) .....................................................................................13

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
551 U.S. 308 (2007)......................................................................................................2

*Trevino v. Thaler*,
449 Fed. Appx. 415 (5th Cir. 2011)............................................................................2

*Val-Com Acquisitions Trust v. CitiMortgage, Inc.*,
 421 Fed. Appx. 398 (5th Cir. 2011)......................................................................14

*Warren v. Bank of Am., N.A.*,
 No. 3:11-CV-3603-M, 2012 WL 3020075 (N.D. Tex. June 19, 2012) ...................8

*Wigginton v. Bank of New York Mellon*,
 No. 12-10136, 2012 WL 4053793 (5th Cir. Sept. 14, 2012) .................................13

STATE CASES

*Athey v. MERS*,
 314 S.W.3d 161 (Tex.App.-Eastland 2010, pet. denied) ......................................10

*Fillion v. David Silvers Company*,
 709 S.W.2d 240 (Tex.App.-Houston [14th Dist.] 1986, writ ref'd n.r.e.)..............12

*Hahn v. Love*,
 321 S.W.3d 517 (Tex.App.-Houston [1st Dist.] 2009, pet. denied) ......................12

*Sharyland Water Supply Corp. v. City of Alton*,
 354 S.W.3d 407 (Tex. 2011).................................................................................7

STATE STATUTES

TEX PROP. CODE § 13.002.................................................................................13

FEDERAL RULES

FED. R. EVID. 201 ................................................................................................2

FED. R. CIV. P. 12(b)(6)........................................................................................4

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **CAMILLE DAVIS** | § | |
| *Plaintiff,* | § | |
| | § | |
| **VS.** | § | |
| | § | **C.A. No. 4:13-cv-001432** |
| | § | |
| **SILVER STATE FINANCIAL** | § | |
| **SERVICES, INC.;** | § | |
| **HSBC BANK USA, NATIONAL** | § | |
| **ASSOCIATION AS TRUSTEE FOR** | § | |
| **SECURITIZED TRUST DEUTSCHE** | § | |
| **ALT-A SECURITIES MORTGAGE** | § | |
| **LOAN TRUST, SERIES 2006-AR4;** | § | |
| **DB STRUCTURED PRODUCTS, INC.;** | § | |
| **DEUTSCHE ALT-A SECURITIES, INC.;** | § | |
| **WELLS FARGO BANK, N.A.;** | § | |
| **MORTGAGE ELECTRONIC** | § | |
| **REGISTRATION SYSTEM, AKA** | § | |
| **"MERS"; AND DOES 1 THROUGH 100** | § | |
| **INCLUSIVE,** | § | |
| *Defendants.* | § | |

---

### DEFENDANTS WELLS FARGO BANK N.A. AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT AND BRIEF IN SUPPORT

---

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants Wells Fargo Bank, N.A. ("Wells Fargo") and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively, "Movants"), file this Motion to Dismiss and Brief in Support in response to Plaintiff's First Amended Complaint ("Complaint"), and shows the Court as follows:

### I.    SUMMARY

Plaintiff Camille Davis ("Plaintiff") has filed this Complaint in a baseless attempt to avoid foreclosure of real property located at 5515 Mossy Timbers Drive, Humble, Texas 77346

(the "Property").  Plaintiff argues that Defendants lack standing to foreclose on the Property for a variety of reasons relating to the assignment and securitization of a mortgage on the Property. These types of allegations have been routinely rejected by Texas courts, and this case should not be an exception.  This action is nothing more than a delay tactic concocted by the original borrower's "successor in interest," who appears to have acquired the Property from the borrower at a time of economic hardship.

## II.    PLAINTIFF'S ALLEGATIONS AND PROCEDURAL HISTORY

Plaintiff alleges that her "predecessor in interest" Charles Stobbe borrowed funds from Silver State Financial by executing a promissory note in the amount of $92,450.00 (the "Note") secured by a deed of trust on the Property (the "Deed of Trust") (collectively with the Note, the "Mortgage") on May 26, 2006.[1]  *Compl.* at ¶ 28.  Plaintiff alleges that the Mortgage was improperly assigned to HSBC Bank USA, N.A., as Trustee for the Deutsche Alt-A Series 2006-AR4 Trust ("HSBC Bank").  *Compl.* at ¶ 30.  On January 12, 2012, MERS, as nominee for Silver State Financial Services, Inc. DBA Silver State Mortgage executed an Assignment of Mortgage to HSBC Bank USA National Association, as trustee for Deutsche Alt-A Securities Mortgage Loan Trust, Series 2006-AR4.[2]  As a result of the alleged improper securitization of the Mortgage, Plaintiff alleges that the Deed of Trust is invalid and of no effect.  The oft-rejected legal theories for her contention are the "split-the-note" argument, the alleged lack of

---

[1]  In deciding a motion to dismiss, a court may consider matters that are outside the pleadings if those materials are referred to in the pleading and central to the plaintiff's claim.  *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).  Accordingly, Movants attach a copy of the Note as Exhibit A to their Motion to Dismiss. Additionally, Movants attach the corresponding Deed of Trust to their Motion to Dismiss as Exhibit B.

[2]  Attached hereto and incorporated by reference as Exhibit C is a true and correct copy of the Assignment of Mortgage executed on or around January 12, 2012.  Movants respectfully request that this Court take judicial notice of the information contained in Exhibit C.  See FED. R. EVID. 201.  In deciding a motion to dismiss, courts may use documents incorporated by reference and matters of which a court may take judicial notice.  *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).  A court may take judicial notice of county records, such as real property records.  *See Trevino v. Thaler*, 449 Fed. Appx. 415, 421 n.3 (5th Cir. 2011) (unpublished).  Additionally, a court may consider matters that are outside the pleadings if those materials are referred to in the pleading and central to the plaintiff's claim.  *Collins*, 224 F.3d at 498-99.

assignments between intervening entities as part of the securitization process, the alleged failure to assign the Mortgage in accordance with terms of the pooling and servicing agreement ("PSA") of the Deutsche Alt-A Series 2006-AR4 Trust ("the "Trust"), the alleged failure to assign the Mortgage in accordance with the terms of the PSA, New York law, and the Uniform Commercial Code, the alleged failure to  assign the Mortgage under Texas law, and alleged violations of the PSA by all Defendants.  *Compl.* at ¶ 48.

Based on those allegations, Plaintiff has asserted purported causes of action for "Lack of Standing/Wrongful Foreclosure," action to quiet title, and declaratory judgment.

Plaintiff filed this lawsuit on May 7, 2013 in the 11th Judicial District Court of Harris County, Texas, Cause Number 2013-26923.  On May 17, 2012, the lawsuit was timely removed to the United States District Court for the Southern District of Texas, Houston Division.  *See Notice of Removal*, Doc. 1.  Movants filed their Motion to Dismiss Plaintiff's Original Petition on June 7, 2013.  *See Mot. to Dismiss*, Doc. 4.  Plaintiff timely amended her complaint on June 28, 2013, but also filed a response to Movants' Motion to Dismiss.  *See Pl.'s 1st Am. Compl.*, Doc. 5 and *Resp. to Mot. to Dismiss*, Doc. 6.

### III.   ISSUES PRESENTED

1.   Plaintiff does not have standing to challenge the assignment and securitization of the Mortgage.

2.   Plaintiff fails to state a cause of action for quiet title.

3.   Plaintiff's claim for declaratory relief fails because her underlying claims fail

### IV.   ARGUMENT AND AUTHORITIES

### A.   Standard

Federal Rule of Civil Procedure 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief" that is "simple, concise, and

direct." *Mangan v. Weinberger*, 848 F.2d 909, 911 (8th Cir. 1988); *see also In re Westinghouse Sec. Litig.*, 90 F.3d 696, 702 (3d Cir. 1996) (Rule 8 "underscore[s] the emphasis placed on clarity and brevity by the federal pleading rules.").  The purpose of Rule 8 is "to give the adverse party fair notice of the claim asserted so as to enable [it] to answer and prepare for trial," and "to avoid undue prolixity" so that the court and the responding party are not "forced to select the relevant material from a mass of verbiage." *Lonesome v. Lebedeff*, 141 F.R.D. 397, 398 (E.D.N.Y. 1992) (*quoting Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).  And, a district court has the power to dismiss a complaint when a plaintiff fails to comply with Rule 8's "short and plain statement" requirement.  *See Jumonville v. Dep't of Treasury*, 50 F.3d 1033, at *2 (5th Cir. Mar. 16, 1995) ("district court 'should be given great leeway in determining whether a party has complied with Rule 8'");  *Gordon v. Green*, 602 F.2d 743, 744–47 (5th Cir. 1979) (dismissing complaint containing verbose pleadings because it violated Rule 8).

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint for "failure to state a claim for which relief can be granted."  FED. R. CIV. P. 12(b)(6).  To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Aschroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  While the factual allegations need not be overly detailed, a plaintiff must provide the grounds of his entitlement to relief, which "requires more than labels and conclusions," and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007).  For instance, "a formulaic recitation of a cause of action's elements will not do." *Id.*; *see also Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to defeat a motion to dismiss.").  Thus, a court may

dismiss a complaint under Rule 12(b)(6) if it fails to assert a cognizable legal theory or if the facts asserted are insufficient to support relief under a cognizable legal theory. *Alcala v. Texas Webb County*, 620 F. Supp. 2d 795, 801 (S.D. Tex. 2009).

**B.      Plaintiff's Claim for "Lack of Standing/Wrongful Foreclosure" Should Be Dismissed**

Plaintiff's claim for "Lack of Standing/Wrongful Foreclosure" fails as a matter of law and must be dismissed for a couple of reasons.  First, it is actually Plaintiff who lacks standing to challenge the assignment and securitization of the mortgage and alleged violations of the PSA. Additionally, MERS had authority under the Deed of Trust to assign, and did assign, the Mortgage to HSBC Bank USA, National Association as Trustee for Securitized Trust Deutsche Alt-A Securities Mortgage Loan Trust, Series 2006-AR4 ("HSBC").

1.      Plaintiff lacks standing to contest the assignment and securitization of the Mortgage

Plaintiff lacks standing to contest the assignment and securitization of the Mortgage.  She is not a party to either the assignment of the Mortgage or the PSA.  Nor is she a third party beneficiary of those agreements.   Accordingly, Plaintiff lacks standing to assert that the assignment was invalid and that the PSA was breached.

a.      *Plaintiff lacks standing to contest the assignment of the Mortgage*

Under Texas law, Plaintiff lacks standing to contest the assignment of the Mortgage. Under Texas law, "assignments are contracts that are only enforceable by parties to the contract." *Hazzard v. Bank of Am. NA*, No. C-12-127, 2012 WL 2339313, at *3 (S.D. Tex. June 19, 2012) (citing *Stine v. Stewart*, 80 S.W.3d 586, 589 (Tex. 2002) (per curiam)); *see also Bryant v. Bank of Am., N.A.*, No. 4:11-CV-448, 2012 WL 2681361, at *6-7 (E.D. Tex. June 6, 2012); *DeFranceschi v. Wells Fargo Bank, N.A.*, 837 F. Supp. 2d 616, 623 (N.D. Tex. 2011); *Schieroni*

*v. Deutsche Bank Nat'l Trust Co.*, No. H-10-663, 2011 WL 3652194, at *6 (S.D. Tex. Aug. 18, 2011).

Not too long ago, this Court dealt with a similar case in *AcceleProperties, Inc. v. Litton Loan Servicing LP*, No. 4:11-CV-3141, 2012 WL 2958264 (S.D. Tex. July 19, 2012). In *AcceleProperties*, the plaintiff acquired the property at issue from the original borrower; the property was acquired subject to a deed of trust. *Id.* at *1. The plaintiff then sought to invalidate the deed of trust by arguing that there was "no paperwork" granting the property from the original mortgagee to defendants. *Id.* The Court granted defendants' motion to dismiss, holding that the plaintiff lacked standing to contest the assignment from the original mortgagee to defendants. *Id.* at *3.

The above cases, and numerous others, reaffirm that long standing principle that only parties to a contract can enforce the terms of the contract. That same analysis applies here. Plaintiff is not a party to the assignment she contests. Moreover, she is not even a party to the Note or Deed of Trust. This is of particular importance in this case. The justification for permitting obligors to challenge void assignments is be protect against double payment. Plaintiff is not personally liable for the debt and therefore no risk of double payment exists. Accordingly, Plaintiff lacks standing to challenge the securitization and assignment of the Mortgage.

      b.    *Plaintiff is without standing to assert a claim based on an alleged failure to comply with the PSA*

Plaintiff is without standing to assert any claim premised on an alleged failure to comply with the PSA. She is not, nor does she claim to be a party or third party beneficiary of the PSA. *See generally Compl.* Irrespective of the manner in which Plaintiff has framed their arguments regarding compliance with a PSA, courts have determined that "a mortgagor does not have standing to challenge pooling and servicing agreements because the mortgagor is not a party to

the assignments or the agreements." *Edwards v. Ocwen Loan Servicing, LLC*, No. 9:10cv89, 2012 WL 844396, at *5 (E.D. Tex. Mar. 12, 2012) (collecting cases); *see also Bittinger v. Wells Fargo Bank NA*, 744 F. Supp. 2d 619, 625-26 (S.D. Tex. 2010) (citing *Stine v. Stewart*, 80 S.W.3d 586, 589 (Tex. 2002)).

Likely because she recognizes the futility of such arguments, Plaintiff does not claim to be a party or third-party beneficiary of the PSA. *See, e.g., Bittinger*, 744 F. Supp 2d at 625-26. Under Texas law, "there is a presumption against conferring third party beneficiary status on noncontracting parties." *Sharyland Water Supply Corp. v. City of Alton*, 354 S.W.3d 407, 420 (Tex. 2011) (citation omitted).  In other words, "Texas courts presume that parties contract only for themselves and not for the benefit of third parties, unless the obligation to the third party is clearly and fully spelled out."  *Burr v. JPMorgan Chase Bank, N.A.*, No. 4:11-CV-03519, 2012 WL 1059043, at *4 (S.D. Tex Mar. 28, 2012) (citing *Talman Home Fed. Sav. & Loan Ass'n of Ill. v. American Bankers Ins.*, 924 F.2d 1347, 1351 (5th Cir. 1991)).

Moreover, Texas courts have held that compliance with a PSA is irrelevant to the enforceability of a deed of trust.  The Northern District of Texas recently dismissed a declaratory judgment claim premised on an alleged failure to comply with a PSA.  *See Lamb v. Wells Fargo Bank, N.A.*, No. 3:12-CV00680-L, 2012 WL 1888152, at *2-5 (N.D. Tex. May 24, 2012).  The *Lamb* court found that an alleged failure to comply with the closing date provision of the PSA did not invalidate an assignment of the deed of trust and give rise to a declaratory judgment claim because the provision dealt specifically with the transfer of mortgage loans into the trust, and was irrelevant to the rights, obligations, and remedies arising from the deed of trust.  *Id.* at *5 (citing *Smith v. Litton Loan Servicing, LP*, No. 10-14700, 2012 WL 1444636, at *1 (E.D. Mich. Apr. 26, 2012)).  The Court determined that the issue of whether the mortgage loan was

timely transferred into the trust had no bearing on the enforceability of the rights, obligations, and remedies arising from the deed of trust. *Id.*; *see also Sigaran v. US Bank Nat'l Ass'n*, No. H-12-3588, 2013 WL 2368336, at *3 (S.D. Tex. May 29, 2013) (Judge Rosenthal dismissing claims based on alleged failures to comply with PSA and federal tax law); *Warren v. Bank of Am., N.A.*, No. 3:11-CV-3603-M, 2012 WL 3020075, at *6 (N.D. Tex. June 19, 2012)

The few cases that have permitted the challenge of assignment by non-parties to those agreements have limited the challenge to void, not voidable assignments. *See Sigaran*, , 2013 WL 2368336, at *3. The court in *Sigaran* appropriately held alleged violations of the PSA and New York Trust law would render the assignment voidable, not void, because New York trust law permits a trustee to ratify an action outside of the scope of the trustee's power, and a void contract cannot be ratified. *Id.* (citing *Mooney v. Madden*, 193 A.D.2d 933, 933-34 (N.Y. App. Div. 1993) and *Richmond Printing v. Port of Houston Auth.*, 996 S.W.2d 220, 224 (Tex. App.— Houston [14th Dist.] 1999, no pet.)).

Here, Plaintiff contends that the securitization of the Mortgage was invalid, rendering the entire deed of trust null and void. *See Compl.* at ¶ 5.1.17. An alleged failure to comply with the PSA cannot invalidate the rights, obligations, and remedies arising from the Deed of Trust and the transfer of those rights through an assignment of the Deed of Trust because compliance with the PSA has no bearing on the enforceability of the Deed of Trust. *See Lamb*, 2012 WL 1888152, at *2-5; *Warren*, 2012 WL 3020075 at *6. At best Plaintiff could be permitted to contest a void assignment, but as astutely analyzed by the *Sigaran* court, assignments in violation of PSA or New York trust law are only voidable, not void. *Sigaran*, 2013 WL 2368336, at *3. As such, Plaintiffs lack standing to contest the assignment of the Mortgage.

2.      <u>MERS had authority to assign the Mortgage</u>

Texas law is clear that MERS, as an agent of the original mortgagee, had the authority to transfer the Mortgage on the original mortgagee's behalf.  Had Plaintiff taken a brief moment to peruse Texas law on the subject, she would have found that MERS' standing in mortgage transactions and its authority to act as mortgagee is well established and, in fact, codified in Texas law.  Plaintiff's contention to the contrary is simply wrong.  Additionally, Plaintiff's conclusory allegation that Nancy Sorenson's signature is fake and that she was not an agent of MERS is irrelevant.  Such an issue would only render the assignment voidable, not void, and Plaintiff would lack standing to challenge the assignment.  Further, Plaintiff's allegation that the assignment is of a different mortgage is simply incorrect.

In *Richardson v. Citimortgage, Inc.*, No. 6:10cv119, 2010 WL 4818556 (E.D. Tex. Nov. 22, 2010), the court addressed whether the language in the deed of trust stating that MERS is the beneficiary of the deed of trust and giving it authority to act as nominee for the lender give it the authority, without anything more, to assign mortgages on the lender's behalf.  The court concluded that as a matter of law it did and granted summary judgment in favor of MERS.

In that case, as here, MERS, as nominee for lender, assigned its beneficial interest in the deed of trust to Citimortgage (here it was assigned to HSBC).  Like Plaintiff here, the plaintiffs in *Richardson* "challenged the role of MERS with respect to the transfer of rights in the property."  *Id.* at *2.  Specifically, they "complained about the role of MERS with respect to the enforcement of the Note and Deed of Trust."  *Id.* at *5.  The court easily rejected their argument, reasoning that under Texas law, the deed of trust granted MERS authority to assign mortgages, stating:

> Under Texas law, where a deed of trust, as here, expressly provides for MERS to have the power of sale, then MERS has the power of sale.  *Athey v. MERS*, 314

S.W.3d 161, 166 (Tex. App.—Eastland 2010).   MERS was the nominee for [lender] and its successors and assigns.  **MERS had the authority to transfer the rights and interests in the Deed of Trust to Citimortgage.  The Plaintiffs' complaints about the role of MERS in this matter lacks merit.** [*Id.* (emphasis added].

The court bolstered its conclusion by recognizing the role that MERS plays in the mortgage industry.  In this regard, the court noted that MERS' position in that industry had been expressly recognized in both Texas common law and statute, noting:

> The MERS system is merely an electronic mortgage registration system and clearing house that tracks beneficial ownerships in, and servicing rights to, mortgage loans.  The system is designed to track transfers and avoid recording and other transfer fees that are otherwise associated with the sale.  MERS is defined in Texas Property Code § 51.0001(1) as a "book entry system" which means a "national book system for registering a beneficial interest in security instrument and its successors and assigns."   As noted in *Athey*, mortgage documents provide for the use of MERS and the provisions are enforceable to the extent provided by the terms of the documents.  The role of MERS in this case was consistent with the Note and Deed of Trust. [*Id.* (internal citations omitted)].

The Section of the Texas Property Code referenced in the *Richardson* decision is the "definitions" section of the Code dealing with liens.  As the court noted, MERS is a "book entry system" as defined in § 51.0001(1) of the Code.  It should further be noted that the Property Code defines "mortgagee" to include "(A) the grantee, beneficiary, owner, or holder of a security instrument; (B) **a book entry system**; or (C) if the security interest has been assigned of record, the last person to whom the security interest has been assigned of record."   TEX. PROP. CODE § 51.0001(4) (emphasis added).  Thus, the Texas legislature has seen fit to put MERS on equal footing with traditional grantees and other holders of deeds of trust.

The *Richardson* court is not alone among courts applying Texas law and finding that the deed of trust alone gives MERS all of the authority it needs to act on the lender's behalf.  In *Athey v. MERS*, 314 S.W.3d 161, 162 (Tex. App.—Eastland 2010, pet. denied), the court affirmed the district court's granting summary judgment "that MERS was the beneficiary of a

deed of trust securing their note, and that MERS was entitled to proceed with nonjudicial foreclosure." The court simply noted that even though Option One Mortgage was named as the lender and was the owner and holder of the note, MERS as nominee "clearly" had the authority to act on its behalf and foreclose on the property. *Id.* at 166. And again, the court needed no evidence of MERS' authority other than what was stated in the deed of trust. *Id.*; *see also DeFranchesci v. Wells Fargo Bank, N.A.*, 837 F. Supp. 2d 616, 623 (N.D. Tex. 2011).

Plaintiff's baseless contentions that Nancy Sorenson's signature is fraudulent or that she lacked authority to assign the Mortgage, though disputed, are simply irrelevant. Even if the signature was fraudulent, it would render the assignment voidable, not void. *Rodriguez v. Bank of Am.*, No. SA-12-CV-00905-DAE, 2013 WL 1773670, at *6 (W.D. Tex. Apr. 25, 2013). Plaintiff cannot challenge a voidable assignment. *Id.*; *see also Sigaran*, 2013 WL 2368336, at *3. Moreover, Plaintiff's allegation that Ms. Sorenson is an employee of Wells Fargo does not justify Plaintiff's conclusory assertion that she lacked authority to execute the assignment on behalf of MERS. "MERS generally relies on its members to have someone on their own staff become a MERS officer with the authority to sign documents on behalf of MERS." *Sigaran*, 2013 WL 2368336, at *5 (quoting *Howard v. JP Morgan Chase NA*, 2013 WL 1694659, at *8 (W.D. Tex. Apr. 18, 2013)). Plaintiff has only provided an unsubstantiated conclusion that Ms. Sorenson was not an authorized agent of MERS without asserting specific facts to reach this conclusion.

Finally, Plaintiff's contention that the Assignment references a different mortgage is simply incorrect. The Assignment describes in detail the Deed of Trust being assigned, providing name of the grantor, the date of the Deed of Trust, the date the Deed of Trust was recorded, and the Harris County Clerk document number—Z341915—which corresponds to the

subject Deed of Trust.  Additionally, the MERS ID number of the assignment corresponds with the MERS ID number of on the Note and Deed of Trust (1001631-1000098503-4).  As such, there is no doubt that the Assignment of Mortgage assigned the subject Deed of Trust.  The loan number referenced on the assignment refers to the Wells Fargo loan number.

### C.      Plaintiff's Action to Quiet Title Must Be Dismissed

Plaintiff's action to quiet title must also be dismissed.  Again, this action is predicated on the discredited arguments regarding assignment and securitization and should be dismissed for that reason alone.  Additionally, Plaintiff simply fails to plead a cause of action to quiet title.

To plead a cause of action to quiet title, Plaintiff is required to plead facts showing (1) an interest in a specific property; (2) title to the property is affected by a claim by the defendant; and (3) the claim, although facially valid, is invalid or unenforceable. *Cruz v. CitiMortgage, Inc.*, No. 3:11–CV–2871–L, 2012 WL 1836095, at *4 (N.D.Tex. May 21, 2012) (Lindsay, J.) (citing *Sadler v. Duvall*, 815 S.W.2d 285, 293 n. 2 (Tex.App.-Texarkana 1991, writ denied)). Because an action to quiet title is an equitable claim, Plaintiff is required to do equity; meaning she must tender the amount due under the Deed of Trust.  *See Fillion v. David Silvers Company*, 709 S.W.2d 240, 246 (Tex.App.-Houston [14th Dist.] 1986, writ ref'd n.r.e.). Moreover, Plaintiff must demonstrate the strength of her title, not the inferiority of the titles of others.  *See Hahn v. Love*, 321 S.W.3d 517, 531 (Tex.App.-Houston [1st Dist.] 2009, pet. denied).

Plaintiff has not pleaded that she tendered or offered to tender payment of the amount due under the Deed of Trust.  For this reason alone, Plaintiff's claim fails.  Additionally, Plaintiff has not demonstrated the strength of her title.  Indeed, a search of the Harris County real property records does not reveal any deed from Plaintiff's "predecessor in interest," Charles Stobbe, to Plaintiff.  Nor can she allege facts demonstrating why her title would be superior to the

previously recorded Deed of Trust.  *See* TEX. PROP. CODE § 13.002; *AcceleProperties*, 2012 WL 2958264, at \*4.  Plaintiff appears to have acquired the Property from a homeowner in economic distress with at minimum constructive, if not actual, knowledge of the Deed of Trust encumbering the Property, yet now seeks to void the lien based on specious arguments.  The Court should dismiss Plaintiff's claims, as "windfalls are the province of the sweepstakes, not of the federal courts."  *See Wigginton v. Bank of New York Mellon*, No. 12-10136, 2012 WL 4053793, at \*3 (5th Cir. Sept. 14, 2012) (not designated for publication).

### D.      Plaintiff's Declaratory Judgment Action Fails Because the Underlying Claims Fail

The Declaratory Judgment Act is a procedural device that creates no substantive rights, and requires the existence of a justiciable controversy.  *See Kazmi v. BAC Home Loans Servicing, Inc.*, 2012 WL 629440, \*15 (E.D. Tex. Feb. 3, 2012) (Mazzant, J.) (citing *Aetna Life Ins. Co. v. Haworth,* 300 U.S. 227, 239-41 (1937)).  Declaratory relief is available only when there is an actual, substantial case or controversy between parties who have adverse legal interests of sufficient immediacy and reality.  *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126-27 (2007); *Shields v. Norton*, 289 F.3d 832, 835 (5th Cir. 2002).  Furthermore, a request for declaratory judgment is remedial in nature and dependent upon the assertion of viable causes of action.  *Kazmi*, 2012 WL 629440 at \*15 (declaratory judgment is an equitable remedy that depends on a viable cause of action to survive).

For all the reasons discussed herein, Plaintiff's claims fail as a matter of law.  Accordingly, Plaintiff's declaratory judgment claim must be dismissed because her predicate claims fail.. *Kazmi*, 2012 WL 629440 at \*15; *Defranchesi v. Wells Fargo Bank, N.A.*, 837 F. Supp. 2d 616, 626-27 (N.D. Tex. 2011); *Collin County, Tex. v. Homeowners Ass'n for Values Essential to*

*Neighborhoods*, 915 F.2d 167, 170-71 (5th Cir. 1990); *see also Val-Com Acquisitions Trust v. CitiMortgage, Inc.*, 421 Fed. Appx. 398, 400-01 (5th Cir. 2011).

V.     <u>P<small>RAYER</small></u>

WHEREFORE, PREMISES CONSIDERED, Movants respectfully request that the Court dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted under Rule 2(b)(6). Movants further requests that the Court grant them all further relief at law and in equity to which they may be justly entitled.

Respectfully submitted,

/s/ Derrick B. Carson by perm. NJD
DERRICK B. CARSON
State Bar No. 24001847
Southern District Number: 21785
600 Travis Street, Suite 2800
Houston, Texas 77002-3095
(713) 226-1200 – *telephone*
(713) 223-3717 – *facsimile*

**ATTORNEY-IN-CHARGE FOR
DEFENDANT WELLS FARGO BANK, N.A.
AND MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.**

**OF COUNSEL:**
ROBERT T. MOWREY
State Bar No. 14607500
Southern District No. 9529
LOCKE LORD LLP
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201-6776
(214) 740-8000 – *telephone*
(214) 740-8800 – *facsimile*

NICHOLAS J. DEMEROPOLIS
State Bar No. 24069602
Southern District No. 1094909
LOCKE LORD LLP
600 Travis Street, Suite 2800
Houston, Texas 77002-3095
(713) 226-1200 – *telephone*
(713) 223-3717 – *facsimile*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served upon the following counsel ***via electronic notification, hand delivery, facsimile, and/or certified mail return receipt requested*** on July 12th, 2013.

Jeffrey C. Jackson
Jackson & Elrod, LLP
2200 N. Loop West, Suite 306
Houston, Texas 77018
(713) 861-8833 – *telephone*
(713) 682-8866 – *facsimile*

/s/ Derrick B. Carson by perm. NJD
Derrick B. Carson