IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CAMILLE DAVIS, § | |
| § | |
| Plaintiff, § | |
| § | |
| V. § | CIVIL ACTION NO. H-13-1432 |
| § | |
| SILVER STATE FINANCIAL SERVICES, § | |
| INC., ET AL., § | |
| § | |
| Defendants. § | |

**MEMORANDUM AND RECOMMENDATION GRANTING
DEFENDANTS' MOTION TO DISMISS**

Pending in this case that has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) is Defendants Wells Fargo Bank, N.A.'s and Mortgage Electronic Registration Systems, Inc.'s Motion to Dismiss Plaintiffs' First Amended Complaint (Document No. 7). Having considered Defendants' Motion to Dismiss, Plaintiff's Response in opposition (Document No. 8), Defendant's Reply (Document No. 9), the allegations in Plaintiffs' First Amended Complaint (Document No. 5), and the applicable law, including, in particular, *Reinagel v. Deutsche Bank Nat'l Trust Co.*, 735 F.3d 220 (5th Cir. 2013), the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Defendants' Motion to Dismiss (Document No. 7) be GRANTED and that Plaintiff's claims against Defendants Wells Fargo Bank, N.A. and Mortgage Electronic Registration Systems, Inc. be DISMISSED pursuant to FED. R. CIV. P. 12(b)(6) for failure to state a claim.

I.   **Background and Procedural History**

On May 7, 2013, Plaintiff Camille Davis ("Davis") initiated this suit in the 11th District Court of Harris County, Texas, Cause No. 2013-26923, complaining about the scheduled foreclosure on

a residence located at 5515 Mossy Timbers Drive, Humble, Texas 77346 (referred to hereafter as "the Property"). Prior to being served, Defendants Wells Fargo Bank, N.A. ("Wells Fargo") and Mortgage Electronic Registration Systems, Inc. ("MERS") removed the case to this Court on the basis of diversity, and promptly filed a Motion to Dismiss. Plaintiff filed a response to Defendants' Motion to Dismiss and a First Amended Complaint (Document No. 5). Defendants then filed a Motion to Dismiss Plaintiff's First Amended Complaint (Document No. 7), to which Davis has filed a Response in opposition (Document No. 8), and to which Defendants have filed a Reply (Document No. 9).

In her First Amended Complaint, Davis alleges that in 2006, Charles Stobbe, her "predecessor in interest," obtained a mortgage loan for purchase of the Property from Silver State Financial. A Deed of Trust was executed at the same time to secure the Note. Davis also alleges that Charles Stobbe conveyed the Property to her "by warranty deed for good and valuable consideration" on May 21, 2012. Plaintiff's First Amended Complaint (Document No. 5) at 9. Davis then alleges that the Note was never properly transferred or assigned by Silver State Financial to "Defendants," that the Note and Deed of Trust were not and could not have been assigned or transferred to HSBC Bank USA, N.A. as Trustee for Deutsche Alt-A Securities Mortgage Loan Trust, Series 2006-AR4, because any transfer or assignment failed to comply with the terms and/or the closing date of the Pooling and Service Agreement (PSA) for that Mortgage Loan Trust, and that none of the Defendants holds a "perfected and secured claim in the Property." *Id.* at 11-14. Davis identifies the "deficiencies" in the securitization process, which she claims void any security interest in the Property, as follows:

2

a. The splitting or separation of title, ownership and interest in Plaintiff's Note and Mortgage/Deed of Trust of which the original lender is the holder, owner and beneficiary of Plaintiff's Mortgage/Deed of Trust;

b. When the loan was sold to each intervening entity, there were no Assignments of the Mortgage/Deed of Trust to or from any intervening entity at the time of the sale. Therefore, "True Sales" could not and did not occur;

c. The failure to assign and transfer the beneficial interest in Plaintiff's Mortgage/Deed of Trust to HSBC Bank, in accordance with the PSA of the Defendants, as Securitization Participants;

d. The failure to indorse, assign and transfer Plaintiff's Note and/or mortgage to Defendant HSBC Bank, as Trustee for Deutsche Securities 2006-AR4 Trust, in accordance with the PSA and applicable New York law and/or the Uniform Commercial Code;

e. No Assignments of Beneficiary or Indorsements of the Note to each of the intervening entities in the transaction ever occurred under TEXAS law, which is conclusive proof that no true sales occurred as required under the PSA filed with the SEC; and

f. Defendants, and each of them, violated the pertinent terms of the PSA.

*Id.* at 14.

Based on her allegations that the Note and Deed of Trust were not properly transferred or assigned, and that any such transfer or assignment is void, Davis asserts three claims against Silver State Financial Services, Inc. ("Silver State"), HSBC Bank USA, N.A. as Trustee for the securitized trust Deutsche Alt-A Securities Mortgage Loan Trust, Series 2006-AR4 ("HSBC"), DB Structured Products, Inc. ("DB"), Deutsche Alt-A Securities Mortgage Loan Trust, Series 2006-AR4 ("Deutsche"), Wells Fargo Bank, N.A. ("Wells Fargo"), and Mortgage Electronic Registration Systems, Inc. ("MERS"): (1) for lack of standing/wrongful foreclosure; (2) to quiet title; and (3) for declaratory judgment. Defendants Wells Fargo, who is the alleged servicer of the Note, and MERS,

the nominee and beneficiary under the Deed of Trust, seek dismissal of those claims pursuant to FED. R. CIV. P. 12(b)(6). [1]

## II.     Standard of Review

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is said to be plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. Plausibility will not be found where the claim alleged in the complaint is based solely on legal conclusions, or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Nor will plausibility be found where the complaint "pleads facts that are merely consistent with a defendant's liability" or where the complaint is made up of "'naked assertions devoid of further factual enhancement.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557)). Plausibility, not sheer possibility or even conceivability, is required to survive a Rule 12(b)(6) motion to dismiss. *Twombly*, 550 U.S. at 556-557; *Iqbal*, 129 S.Ct. at 1950-1951.

In considering a Rule 12(b)(6) motion to dismiss, all well pleaded facts are to be taken as true, and viewed in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236

---

[1] No other Defendants named in the First Amended Complaint have made an appearance. In addition, there is no proof in the record that any of them have been served, and the time for such service under *Fed. R. Civ. P.* 4(m) has long since passed.

(1974). But, as it is only *facts* that must be taken as true, the court may "begin by identifying the pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, at 1950. It is only then that the court can view the well pleaded *facts*, "assume their veracity and [ ] determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, at 1950.

### III.    Discussion – Plaintiff's Claims

Davis' live pleading is the First Amended Complaint (Document No. 5) she filed in this Court on June 28, 2013. Attached to that pleading are several exhibits, including a "Property Securitization Analysis Report," dated May 2, 2013, Exhibit A (Document No. 5-1), a copy of a Quit Claim Deed dated May 21, 2012, (Document No. 5-2), an "Assignment of Mortgage" by MERS to HSBC, dated January 12, 2012, Exhibit "C" (Document No. 5-3), the Deed of Trust, dated May 26, 2006, Exhibit D (Document No. 5-4), and the original Note, dated May 26, 2006, Exhibit E (Document No. 5-5). The documents attached to Davis' First Amended Complaint are incorporated into the complaint, *see* FED. R. CIV. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes"), and can be considered in connection with Defendants' Rule 12(b)(6) Motion to Dismiss. *United States ex. rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 375 (5th Cir. 2004).

Wells Fargo, as the mortgage servicer, and MERS, as the nominee and beneficiary under the Deed of Trust, argue that Davis has not stated a claim against them because she herself lacks standing to challenge the assignment of the mortgage to HSBC. According to Defendants, the "securitization" allegations set forth in Davis' First Amended Complaint cannot be used to challenge

5

or abrogate their right to foreclose on the property given the facially valid assignment of the Note and Deed of Trust to HSBC. Additionally, Wells Fargo and MERS argue that Davis has not stated a claim to quiet title because there are no allegations in her First Amended Complaint as to the strength of her title to the Property via-s-vis that of Defendants. Finally, Defendants Wells Fargo and MERS argue that Davis cannot maintain a claim for Declaratory Judgment in the absence of a substantive claim.

      A.      **Standing/Wrongful Foreclosure**

In support of her "Lack of Standing/Wrongful Foreclosure" Claim, Davis alleges that Defendants . . . do not have the right to foreclose on the Property because Defendants . . . have failed to perfect any security interest in the Property, or cannot prove to the court they have a valid interest as a real party in interest to foreclose" that "the only individuals who are the holder of the note are certificate holders of the securitized trust," that Defendants do not have the right to foreclose because they "did not properly comply with the terms of Defendants' own securitization requirements (contained in the PSA) and falsely or fraudulently prepared documents," that "the assignment of the Deed of Trust from MERS to Defendant HSBC Bank was fraudulent because the person who executed the assignment, Nancy Sorensen is a known robo-signer" and/or "the signature on the document may not actually be the signature of Nancy Sorensen." Plaintiff's First Amended Complaint (Document No. 5) at 16-17. Davis also alleges that the loan number on the assignment document is not the same loan number for the Property that is at issue in this case. *Id.* at 17.

The majority of the allegations and factual bases set forth by Davis in support of her lack of standing/wrongful foreclosure claim were recently rejected by the Fifth Circuit Court of Appeals in *Reinagel v. Deutsche Bank Nat'l Trust Co.*, 735 F.3d 220 (5th Cir. 2013). In *Reinagel*, "mortgagors

6

who defaulted on their note [sought] to enjoin a bank from foreclosing, contending that the assignments by which the bank obtained the note and corresponding deed of trust were 'robo-signed' and therefore invalid." *Id.* at 222. The Reinagels asserted several bases for seeking to invalidate the assignment of their Note and Deed of Trust, including a challenge to the authority of the person who executed the assignment, a challenge to the authenticity of the signature on the assignment, and allegations that the assignment was contrary to the terms of the Pooling and Service Agreement that "governed Deutsche Bank's Series 2006-M1 mortgage pool." *Id.* at 226, 227, 228. In rejecting each basis for invalidating the assignment, the Fifth Circuit first made it clear that a non-party to an assignment does have standing to challenge the assignment on grounds that the assignment is void, but does not have standing to challenge the assignment on grounds that the assignment is voidable. *Id.* at 225 ("an obligor cannot defend against an assignee's efforts to enforce the obligation on a ground that merely renders the assignment voidable at the election of the assignor," but "*may* defend 'on any ground which renders the assignment void.'"). The Fifth Circuit then concluded that the Reinagels' challenges to the authority of the person who executed the assignment, their challenge to the authenticity of the signature on the assignment, and their challenge to the assignment on the basis that it was contrary to the terms of the Pooling and Service Agreement were all grounds that made the assignment voidable, but not void. *Id.* at 226, 227, 228. That meant, for purposes of the Reinagels' standing to assert such challenges to the assignment, that the Reinagels could not, on those asserted bases, challenge the "facially valid " assignment of the Note and Deed of Trust. *Id.*

Here, the analysis and holding in *Reinagel* defeat Davis' lack of standing/wrongful foreclosure claim based on her allegations challenging the validity of the assignment, her allegations challenging the authority of the person who signed the assignment, her allegations challenging the

authenticity of the signature on the assignment, and her challenges to the assignment on the basis that it did not comply with the terms of the applicable Pooling and Services Agreement. With respect to Davis' allegations that the loan numbers on the original loan documents and the assignment documents do not match, and therefore the assignment is not valid, Davis' own documents, attached to her First Amended Complaint, disprove her allegations. The Note and Deed of Trust both bear a Loan Number of 1000098503. In addition, the Deed of Trust bears a stamped number "Z341915". The Assignment of Mortgage contains reference to the same Z341915 document, and while the Assignment of Mortgage does have a different loan number listed (1158051090), the MERS ID number on the Assignment contains the same loan number as that listed on both the Note and Deed of Trust. Davis' allegations, by reference to her own documents, do not raise a plausible claim as to the validity of the assignment based on different loan numbers.

In all, Davis' own documents, including the Deed of Trust, the Note, and the recorded assignment of the Deed of Trust to HSBC, coupled with the Fifth Circuit's decision in *Reinagel*, defeat Davis' lack of standing/wrongful foreclosure claim. The assignment at issue is a facially valid assignment. *See* Assignment of Mortgage, Exhibit "C" to Plaintiff's First Amended Complaint (Document No. 5-3). MERS, as the nominee and beneficiary under the Deed of Trust had, under Texas law, the authority to assign the mortgage. *Bierwirth v. BAC Home Loans Servicing, L.P.*, No. 03-11-00644-CV, 2012 WL 3793190 *5 (Tex. App.–Austin 2012). Wells Fargo, as the alleged loan servicer, had the authority under Texas law to pursue foreclosure. *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 255 (5th Cir. 2013). Davis, who was not a party to the original Note or Deed of Trust, and who has only asserted challenges to the assignment that would make the assignment voidable, has no standing to challenge the assignment. *Reinagel*, 735 F.3d at 226-228;

*see also Farkas v. GMAC Mortgage, LLC*, ___ F.3d ___, 2013 WL 6231114 *3 (5th Cir. 2013) (relying on *Reinagel* in holding that a mortgagor "lacks the requisite standing to bring suit to enforce the terms of the PSA that governs the assignment of the mortgagor's note"). Davis' lack of standing/wrongful foreclosure claim against Wells Fargo and MERS is subject to dismissal under FED. R. CIV. P. 12(b)(6) for failure to state a claim.

    **B.**    **Quiet Title**

In support of her quiet title claim, Davis alleges that "on May 21, 2012 Charles Stobbe conveyed the Subject Property to [her] by warranty deed for good and valuable consideration," that Defendants "are without any right whatsoever," that Defendants "have no right, estate, title, lien or interest in or to the property, or any part of the property," that Defendants "claim some estate, right, title, lien or interest in or to the property adverse to plaintiff's title, and these claims constitute a cloud on plaintiff's title," and that "none of the parties to the securitization transaction, nor any of the Defendants in this case, hold a perfected and secured claim in the Property . . . and . . . all Defendants are estopped and precluded from asserting an unsecured claim against Plaintiff's estate." Plaintiff's First Amended Complaint (Document No. 5) at 20-21.

"A suit to clear or quiet title-also known as suit to remove cloud from title-relies on the invalidity of the defendant's claim to the property." *Essex Crane Rental Corp. v. Carter*, 371 S.W.3d 366, 388 (Tex. App.—Houston [1st Dist.] 2012). The cause of action, which is an equitable one under Texas law, "exists 'to enable the holder of the feeblest equity to remove from his way to legal title any unlawful hindrance having the appearance of better right.'" *Hahn v. Love*, 321 S.W.3d 517, 531 (Tex. App.—Houston [1st Dist.] 2009, review denied) (quoting *Thomson v. Locke*, 66 Tex. 383, 1 S.W. 112, 115 (1886)). The elements of a quiet title claim include: "(1) an interest in a specific

property, (2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable." *U.S. Nat. Bank Ass'n v. Johnson*, No. 01-10-00837-CV, 2011 WL 6938507 at *7 (Tex. App.—Houston [1st Dist.] 2011). At its most basic, however, "the plaintiff has the burden of supplying the proof necessary to establish his superior equity and right to relief." *Id.* A plaintiff can only recover on a quiet title claim by establishing the strength of his own title; attacking the weakness of the defendant's title will not suffice. *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App.—Corpus Christi 2001) ("A plaintiff in a suit to quiet title must prove and recover on the strength of his own title, not on the weakness of his adversary's title.").

      Here, Davis has not alleged any creditable facts that would support a quiet title claim. While Davis does allege that none of the Defendants have an interest in the Property, the documents Davis has attached to her First Amended Complaint, which show that MERS, as a nominee and beneficiary of the Deed of Trust, assigned the Deed of Trust to HSBC, coupled with Davis' allegation that Wells Fargo is the mortgage servicer, defeat her allegations that Defendants have no interest in the Property. In addition, the terms of both the Note and the Deed of Trust, both of which allow the Lender, upon the Borrower's sale or transfer of any interest in the property, to accelerate the note, and seek all remedies provided for in the security agreement, including foreclosure, *see* Deed of Trust (Document No. 5-4) at 11; Note (Document No. 5-5) at 5, also defeat any allegation Davis could make as to the strength of her title to the Property.

      Based on the allegations in her First Amended Complaint, as well as the contents of the documents Davis has submitted with her First Amended Complaint, Davis has not and cannot show the strength of her title vis-a-vis Defendants, including Wells Fargo and MERS. As such, she has not stated a quiet title claim.

### C. Declaratory Judgment

With her declaratory judgment claim, Davis seeks a declaration "of the rights, obligations and interest of the parties with regard to the Property" and a declaration that she "is entitled to the exclusive possession of the property," she "owns in fee simple" and that Defendants have "no estate, right, title, lien or interest in or to the real property or any part of the property." Plaintiff's First Amended Complaint (Document No. 5) at 23.

A declaratory judgment claim cannot stand alone; instead, the "Texas Uniform Declaratory Judgments Act, TEX.CIV.PRAC. & REM.CODE ANN. § 37.001 *et seq.* (Vernon 1986), is merely a procedural device; it does not create any substantive rights or causes of action." *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.* 99 F.3d 746, 752 n. 3 (5th Cir. 1996). Where all the substantive, underlying claims have been dismissed, a claim for declaratory judgment cannot survive. *Ayers v. Aurora Loan Services, L.L.C.*, 787 F.Supp.2d 451, 457 (E.D. Tex. 2011) (dismissing claim for declaratory judgment where all underlying substantive claims had been dismissed); *Valdez v. Federal Home Loan Mortgage Corp.*, 2011 WL 7068386 *3 (N.D. Tex. 2011) (where Plaintiff failed to state a claim for trespass to try title and to quiet title, Plaintiff's claims for declaratory and injunctive relief were also subject to dismissal under Rule 12(b)(6)); *James v. Wells Fargo Bank, N.A.*, 2012 WL 778510 *4 (N.D. Tex. 2012) (dismissing claim for declaratory relief where the "arguments for declaratory relief are unsupported by the facts alleged").

Here, given that Davis' substantive claims – for lack of standing/wrongful foreclosure and to quiet title – are subject to dismissal under Rule 12(b)(6), Davis' claim for declaratory relief is subject to dismissal as well.

**IV.     Discussion – Amendment**

Under FED. R. CIV. P. 15(a)(2) leave to amend should be freely given "when justice so requires."  When a claim is subject to dismissal under Rule 12(b)(6) for failure to state a claim, "district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies. . . unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."  *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).

Here, given the Fifth Circuit's ruling in *Reinagel* on the exact type of allegations Davis makes relative to the assignment of the Note and Deed of Trust and the "securitization" of the mortgage, there is no reasonable likelihood that Davis could amend her standing/wrongful foreclosure claim to overcome the legal deficiencies identified herein.  With respect to the quiet title claim, there is also no reasonable likelihood that Davis could, if allowed to further amend her Complaint, state a claim to quiet title.  Therefore, a further amendment of the Complaint should not be allowed.

**V.     Conclusion and Recommendation**

Based on the foregoing, and the determination that Plaintiff Camille Davis has not, and cannot, state a claim against Defendants Wells Fargo and MERS for lack of standing/wrongful foreclosure, to quiet title or for declaratory judgment, the Magistrate Judge

RECOMMENDS that Defendants' Motion to Dismiss (Document No. 7) be GRANTED and that Plaintiff's claims against Defendants Wells Fargo and MERS all be DISMISSED pursuant to Rule 12(b)(6) for failure to state a claim.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record.  Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas.  Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc).  Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996).  The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this 23rd  day of December, 2013.

_____
Frances H. Stacy
United States Magistrate Judge