```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION

CAMILLE DAVIS,                    §
                                  §
          Plaintiff,              §
                                  §
VS.                               §   CIVIL ACTION NO. H-13-1432
                                  §
SILVER STATE FINANCIAL            §
SERVICES, et al.,                 §
                                  §
          Defendants.             §
```

OPINION AND ORDER OF DISMISSAL

Pending before the Court in the above referenced cause, alleging wrongful foreclosure and suit to quiet title relating to a residence at 5515 Mossy Timbers Drive, Humble, Texas 77346 ("the Property"), and seeking a declaratory judgment, injunctive relief and damages, are (1) Defendants Wells Fargo Bank, N.A. ("Wells Fargo") and Mortgage Electronic Registration System's[1] ("MERS's") motion to dismiss (instrument #7) Plaintiff Camille Davis's First Amended Complaint; (2) United States Magistrate Judge Frances Stacy's memorandum and recommendation (#17) that the Court grant the motion and dismiss Defendants' claims for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6); (3) and Plaintiff Camille Davis' objections (#18) to Magistrate Judge Stacy's memorandum and recommendation.

---

[1] No other Defendants named in the First Amended Complaint (#5) have appeared in this suit and there is no proof in the record that any of them has been served.

-1-

**Procedural History**

On October 15, 2013, the Court referred #7 to the Magistrate Judge for a memorandum and recommendation under 28 U.S.C. § 636(b)(1)(B). On December 23, 2013, Judge Stacy issued a memorandum and recommendation that this case be dismissed for failure to state a claim for which relief may be provided under Federal Rule of Civil Procedure 12(b)(6). Unaware that Plaintiff had the day before filed objections to the memorandum and recommendation, on January 7, 2014 the Court fully agreed with the memorandum and recommendation, stated there were no objections, adopted it, and dismissed the case (#19). When it subsequently learned of Plaintiff's objections, on January 10, 2014 the Court vacated its dismissal order and indicated that it would consider those objections (#20). The Court now addresses Plaintiff's objections *de novo*.

**Plaintiff's Allegations**

Plaintiff claims that in September 2006, Charles Stobbe ("Stobbe"), her "predecessor in interest," obtained a mortgage loan of $92,450.00 for purchase of the Property from Silver State Financial Services, Inc. ("Silver State"), the originating mortgage lender. A Deed of Trust was executed in favor of Silver State to secure the Note. On May 21, 2012 Stobbe conveyed the Property to Plaintiff "by warranty deed for good and valuable consideration on May 21, 2012 (#5 at p. 9" (Ex. B, copy of deed).

Plaintiff claims that in a "true sale" of a loan, the party owning the Note would sell it to another party and receive compensation in return, and that the Note and the Deed of Trust would be assigned to the buyer of the Note, with an Assignment or Transfer made at each step of the way, and the Note would be indorsed to the next party by the previous assignee or transferee of record.

Davis lists the following "deficiencies" in the securitization process for the Property and contends that they void any security interest Defendants have in the Property:

   a.  The splitting or separation of title, ownership and interest in Plaintiff's Note and Mortgage/Deed of Trust of which the original lender is the holder, owner and beneficiary of Plaintiff's Mortgage Deed of Trust;

   b.  When the loan was sold to each intervening entity, there were no Assignments of the Mortgage/Deed of Trust to or from any intervening entity at the time of the sale.  Therefore, "True Sales" could not and did not occur.

   c.  The failure to assign and transfer the beneficial interest in Plaintiff's Mortgage/Deed of Trust to HSBC Bank, in accordance with the PSA [Pooling and Servicing Agreement] of the Defendants, as Securitization Participants;

   d.  The failure to indorse, assign and transfer Plaintiff's Note and/or mortgage to Defendant HSBC Bank, as Trustee for Deutsche Securities 2006-AR4 Trust, in accordance with the PSA and applicable New York law and/or the Uniform Commercial Code;

   e. No Assignments of Beneficiary or Indorsements of the Note to each of the intervening entities in the transaction ever occurred under TEXAS law, which is conclusive proof that no true sales occurred as required under the PSA filed with the SEC; and

      f. Defendants, and each of them, violated the pertinent terms of the PSA.

First Amended Complaint (#5) at 14.

    In sum, Plaintiff asserts (1) that the Note securitizing the loan was not properly transferred or assigned by Silver State to Defendants, (2) that the Note and Deed of Trust were not and could not have been assigned or transferred to HSBC Bank USA, N.A. as Trustee for Deutsche Alt-A Securities Mortgage Loan Trust, Series 2006-AR$, because any transfer or assignment failed to satisfy the terms and/or closing date of the Pooling and Service Agreement ("PSA") for that Mortgage Loan Trust, and (3) that none of the Defendants holds a "perfected and secured claim in the Property."
 *Id.* at pp. 11-14.

### Wells Fargo and MERS's Motion to Dismiss (#7)

    Defendants Wells Fargo, as the mortgage servicer, and MERS, as the nominee and beneficiary under the Deed of Trust, moved to dismiss Davis' suit against Silver State, HSBC, DB Structured Products, Inc., Deutsche Alt-A Securities Mortgage Loan Trust, Series 2006-AR4, and themselves on three grounds.

    First they argued that Davis lacked standing to challenge the assignment of the mortgage to HSBC because the "securitization" allegations cannot be used to challenge or abrogate their rights to foreclose on the Property in light of the facially valid assignment of the Note and Deed of Trust to HSBC.

    Second Wells Fargo and MERS argued that Davis has failed to

state a claim to quiet title because she does not allege anything about the strength of her title versus that of Defendants.

Third Defendants contend that Davis's claim for a declaratory judgment fails because Davis lacks a substantive claim.

The Magistrate Judge concluded that in *Reinagel v. Deutsche Bank National Trust Co.*, 735 F.3d 220 (5th Cir. 2013), the Fifth Circuit rejected the allegations and factual bases asserted by Davis here in her lack of standing/wrongful foreclosure claim. These included her claims that Defendants do not have the right to foreclose because they did not perfect any security interest in the Property and cannot prove they have a valid interest as a real party in interest to foreclose; that only individuals who are the holder of the note are certificate holders of the securitized trust; that Defendants did not properly comply with the terms of their own securitization requirements in the PSA; that they fraudulently prepared documents because the person who executed the assignment was a known "robo-signer"; that the signature on the assignment document may not be Sorensen's; and that the loan number on the assignment document is not the same loan number of the Property in dispute.

Magistrate Judge Stacy interpreted *Reinagel* as holding that a non-party to an assignment does have standing to challenge the assignment as void, but not as voidable. See *Reinagel*, 735 F.3d at 225 ("[A]n obligor cannot defend against an assignee's efforts to

enforce the obligation on the ground that merely renders the assignment voidable at the election of the assignor," but "*may* defend 'on any ground which renders the assignment void.'"). In other words, plaintiffs only have standing to contest a void assignment, not a voidable assignment. She also concluded that the panel ruled that the Reinagels' challenges to the authority of the person who executed the assignment, to the authenticity of the signature on the assignment, and to the assignment as contrary to the terms of the PSA were all grounds that made the assignment voidable, but not void. *Id*. at 226, 227, 228. Thus she determined that the Reinagels could not challenge the facial validity of the assignment of the Note and Deed of Trust. The Magistrate Judge, #17 at pp.7-8, concluded that Davis' lack of standing/wrongful foreclosure claim based on Davis' challenges to the validity of the assignment, the authority of the person who signed the assignment, the authenticity of the signature, and the failure to comply with the terms of the PSA all fail under *Reinagel.* Magistrate Judge Stacy further ruled that Davis' own documents attached to her First Amended Complaint disprove Davis's contention that the loan numbers on the original loan documents do not match those on the assignment documents.

In sum, the Magistrate Judge found that the assignment was facially valid, that MERS had the authority to assign the mortgage and that Wells Fargo had the authority under Texas law to pursue

foreclosure. Davis, who was not a party to the original Note or Deed of Trust and whose challenges to the assignment would only make the assignment voidable, not void, lacks standing to challenge the assignment. *Reinagel*, 735 F.3d at 226-28; *see also Farkas v. GMAC Mortgage, LLC*, 737 F.3d 338, 342 (5th Cir. 2013)(relying on *Reinagel* in concluding that the plaintiff as an non-party to the PSA, "lacks the requisite standing to bring suit to enforce the terms of the PSA that govern the assignment of the mortgagor's note"). The Magistrate Judge held that Davis' lack of standing/wrongful foreclosure claim against Wells Fargo and MERS should therefore be dismissed for failure to state a claim under Rule 12(b)(6).

In general Davis conclusorily objects to all of the Magistrate Judge's legal conclusions in interpreting *Reinagel*. The Court, having reviewed the case, agrees with the Magistrate Judge's interpretation. Without any supporting facts or evidence Davis does appear to assert that the signature on the assignment document was a forgery or a robo-signature by Nancy Sorensen. Defendants point out in their response (#21 at 2) that this bare-bones conclusion is insufficient to state a claim. Such conclusory assertions without supporting facts are speculative and insufficient to state a claim under Rule 12(b)(6). *Vinegas v. U.S. Bank Nat'l Ass'n*, No. SA-12-CV-1123-XR, 2013 WL 1948118, at *5 (W.D. Tex. May 9, 2013)("Factual allegations must be enough to

raise a right to relief above the speculative level . . .. ")  *citing Twombly*, 550 U.S. at 555. Even more significant, Davis does not state a legal claim for forgery. In *Vinegas*, *id.*, the court explained,

> At common law, forgery was defined as "the making or altering of a written instrument purporting to be the act of another." [*Nobles v. Marcus*, 533 S.W. 2d 923, 925-26 (Tex. 1976)]. In light of this definition, the Texas Supreme Court has held that "one who signs his true name, and does not represent himself to be someone else of the same name, does not commit a forgery because his act does not purport to be the act of another." *Id*. at 926. "The rule is also clear that one who signs his true name, purporting to act as the agent of another, has not committed a forgery." *Id.* Thus, although an agent who executes a document without authority may be culpable of fraud because he has induced confidence in an agency that does not exist, the agent has not committed a forgery, and the document is not void, if he has executed the document purporting on its face to be executed by him as an agent. *Id.*

The Court has also reviewed the Magistrate Judge's determination and found as correct as a matter of law that under *Reinagel*, allegations of violations of the PSA are not actionable by Davis because she was not a party to the PSA nor has she shown that she was a third-party beneficiary of that document. 735 F.3d at 228; *see also Farkas*, 737 F.3d at 342. Moreover Magistrate Judge Stacy correctly concluded that Davis failed to state a claim contesting standing to foreclose. *See Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 255 (5th Cir. 2013)("a deed of trust gives the lender as well as the beneficiary the right to invoke the power of sale, even though it would not be possible for both to

hold the note."). It is well established that MERS has the authority to assign the mortgage as nominee and beneficiary under the deed of trust. *Van Duzer v. U.S. Bank Nat. Assoc.*, ___ F. Supp. 2d ___, No. Civ. A. H-13-1398, 2014 WL 357878, at *7 (S.D. Tex. Jan. 31, 2014), *citing Khan v. Wells Fargo Bank, N.A.*, No. H-12-1116, 2014 WL 200492, at *9 (S.D. Tex. Jan. 17, 1014)("Courts in the Fifth Circuit have repeatedly upheld MERS' assignment of mortgages to other entities.").

Furthermore this Court agrees that Magistrate Judge Stacy correctly applied the law in dismissing Davis's claims to quiet title and by showing that MERS and Wells Fargo have an interest in the Property.

Finally as a matter of law, "[t]he Declaratory Judgment Act is a procedural device that creates no substantive rights and requires the existence of a justiciable controversy." *Powell v. Bank of America, N.A.*, No. 4:12CV512, 2014 WL 229305 at *9 (E.D. Tex. Jan. 21, 2014), *citing Aetna Life Ins. v. Haworth*, 300 U.S. 227, 239-40 (1937), and *Lowe v. Ingalls Shipbuilding*, 723 F.2d 1173, 1179 (5th Cir. 1984). Because Plaintiff's substantive claims are being dismissed under Rule 12(b)(96), her claim for a Declaratory Judgment also fails

Accordingly, the Court hereby

ADOPTS the Magistrate Judge's memorandum and recommendation as its own, Davis' objections are OVERRULED, and

ORDERS that Defendants' motion is GRANTED and that all Plaintiff's claims against them are DISMISSED under Rule 12(b)(6) for failure to state a claim.  This case is CLOSED.

**SIGNED** at Houston, Texas, this 20th day of February, 2014.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE